Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000547
28-MAR-2018
08:03 AM

NO. CAAP-17-0000547

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF SA, JA, SAA, JKH, and JKHA

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 17-00050)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Acting Chief Judge, Leonard and Ginoza, JJ.)

Respondent/Father-Appellant (**Father**) appeals from the Orders Concerning Child Protective Act (**Orders**) entered on June 30, 2017, by the Family Court of the First Circuit (**Family Court**).[1]  The Family Court awarded foster custody of five children (collectively, **Children**),[2] including Father's children, JH and JH-A, to Respondent-Appellee Department of Human Services (**DHS**).

---

[1]  The Honorable Jeffrey A. Hawk presided.

[2]  Children are SCA, JA, SAA, JH, and JH-A.  JH and JH-A are Father's children with his girlfriend (**Mother**); SAA is Mother's child with another man, SA; and SCA and JA are Mother's children with a third man.  Father, Mother, and Children lived together when DHS received the report of Father's sexual abuse of SAA.

Father primarily argues that the Family Court clearly erred by awarding DHS foster custody of JH and JH-A[3] because the evidence was insufficient to show that he sexually abused SAA. Related to this point, Father contends that, in the Family Court's September 7, 2017 Findings of Fact and Conclusions of Law (**FOF/COL**), FOFs 17,[4] 25, 26,[5] and 28-31[6] are clearly erroneous.

---

[3]    Although Father contests the Family Court's award of foster custody of all of the children, it appears that he has standing only to contest the award of foster custody of JH and JH-A, his biological children. The record on appeal appears to be devoid of any evidence that Father was the other children's legal or adoptive father or legal guardian or custodian. See Hawai'i Revised Statutes (**HRS**) § 587A-4 (Supp. 2017) (defining "parent" as the legal parent, birth or adoptive father, or legal guardian or custodian).

[4]    FOF 17 provides "[Father's] sexual abuse of [SSA] and threat of harm to [the other children] seriously impairs his ability to parent [Children]."

[5]    FOFs 25 and 26 provide:

>     25.    The DHS SW supervisor Hinda Diamond [(**Diamond**)] was a credible witness.
>     26.    [SA, biological father of SAA,] was a credible witness.

[6]    FOFs 28-31 provide:

>     28.    Dr. Kayal Natarajan was a credible witness.
>     29.    [SAA's] testimony in her videotaped December 14, 2016 forensic interview was credible.
>     30.    [SAA's] videotaped forensic interview dated December 14, 2016 was admitted into evidence as exhibit 9 and viewed in camera by the Court.  [SAA's] statements in that interview were consistent with her disclosure of sexual harm to [SA] and Dr. Natarajan and indicated that she had been sexually abused by [Father] and the Court hereby finds that [Father] sexually abused [SAA].
>     31.    There was no credible and compelling evidence presented that any coaching, leading, non-verbal cues, or otherwise inappropriate interview techniques were used during [SAA']s forensic interview dated December 14, 2016. Likewise, [SAA's] ability to tell the truth and her understanding that she was to tell the truth were sufficiently established.

We infer[7] from Father's arguments that he also contests FOFs 23[8] and 33[9] and COLs 5 and 6.[10]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Father's points of error as follows:

(1)  While the instant case was pending, Father was charged in a separate, criminal case with sexually assaulting a minor.  The complaining witness in the criminal case (**CW**) is not one of the five children involved in the instant case.  Father moved the Family Court to continue the trial in this case on the ground that it could impair his defense in the criminal case. Father's offer of proof was that, if called to testify before the Family Court, he would have testified that CW and SAA "talked about coming up with some allegations against [Father]."  The Family Court denied the motion and held trial as scheduled. Father did not testify.  On appeal, Father argues that the Family Court abused its discretion in denying his motion to continue

---

[7]      Counsel is cautioned to identify the specific FOFs and COLs related to each issue on appeal.  See Rule 28(b)(4)(C) of the Hawai'i Rules of Appellate Procedure (**HRAP**).

[8]      FOF 23 provides, in relevant part, "None of the underlying facts and data upon which DHS based its opinions, assessments and recommendations were shown to be untrustworthy."

[9]      FOF 33 provides, "It is contrary to the immediate welfare of [Children] to remain in the family home."

[10]      COLs 5 and 6 provide:

>      5.    [Children's] physical or psychological health or welfare have been harmed or are subject to threatened harm by the acts or omissions of [Children's] family.
>      6.  . . . [Father] [is] not willing and able to provide [Children] with a safe family home even with the assistance of a service plan.

3

because, as a result of the denial of the request for a continuance, Father was forced to assert his Fifth Amendment privilege in this case or risk impairing his defense in the criminal case.

The Family Court's primary consideration was JH and JH-A's best interests. See HRS § 571-46 (Supp. 2017) and § 587A-2 (Supp. 2017). The court, in finding that a year could pass before Father went to trial in the criminal case,[11] denied the continuance because it would delay reunification with Mother[12] and not be in the Children's best interest. See HRS § 587A-2. This was not an abuse of discretion.

Further, the Family Court did not abuse its discretion in rejecting Father's argument that he had established good cause to grant a continuance. As DHS argues, Father could have testified without the risk of self-incrimination by invoking HRS § 587A-20 (Supp. 2017), which provides:

> **§ 587A-20. Inadmissibility of evidence in other state actions or proceedings.** The court may order that testimony or other evidence produced by a party in a proceeding under this chapter shall be inadmissible as evidence in any other state civil or criminal action or proceeding if the court deems such an order to be in the best interests of the child.

Father never requested that the Family Court enter an order allowing him to testify without his testimony being admissible in the criminal proceedings, as permitted pursuant to HRS § 587A-20. No other party to this proceeding sought to call

---

[11] Father had not been arraigned yet in the criminal case.

[12] In the May 10, 2017 service plan, DHS recommended services to Mother with the goal of reunifying her with Children. Reunification with Father is not a goal of the service plan.

Father as a witness. We conclude that HRS § 587A-20 provided adequate protection against the possible use of Father's testimony in this case against Father in the criminal case. See In re P Children, No. CAAP-16-0000696, 2017 WL 2829537140 (Haw. App. June 29, 2017) (SDO) (rejecting an argument similar to Father's argument here). No other grounds for a continuance were raised.

Given these circumstances, we cannot say the Family Court abused its discretion in denying the motion.

(2) Father argues that the Family Court erred in finding that he sexually abused SAA based on the testimony of SAA's father, SA; Dr. Kayal Natarajan, who performed a medical examination of SAA following the report of sexual abuse to DHS; and social worker Hinda Diamond (**Diamond**). Father also asserts error based on the Family Court finding SAA's videotaped forensic interview credible. Father essentially claims that the testimony and SAA's videotaped interview were not credible or reliable, and without it, there was insufficient evidence that he sexually abused SAA. It is well-settled that this court declines to pass upon the Family Court's determination regarding the witness credibility and the weight of the evidence. See Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006). FOFs 17, 23, 25, 26, 28, 29, 30, 31, and 33 are not clearly erroneous and COLs 5 and 6 are not wrong.

For these reasons, the Family Court's June 30, 2017

Orders Concerning Child Protective Act are affirmed.

DATED: Honolulu, Hawai'i, March 28, 2018.

On the briefs:

Herbert Y. Hamada,
for Father-Appellant.

Scott D. Boone,
Julio C. Herrera,
Jay K. Goss,
Deputy Attorneys General,
for Petitioner-Appellee
Department of Human Services.

Randal I. Shintani,
for Mother-Appellee.

Michele K. Moorhead,
(Legal Aid Society of Hawai'i),
Guardian Ad Litem.

Acting Chief Judge

Associate Judge

Associate Judge